STOULIG, Judge.
Althea Gray Green has appealed a judgment under which the Orleans Parish Juvenile Court assumed protective custody of her nine-year-old daughter, Denise Gray, and then awarded temporary custody to the child’s grandmother, Mrs. Marjorie Gray. The judge based this decree on a finding that Mrs. Green neglected her child; therefore, the court had jurisdiction to act under circumstances described in R.S. 13:1570(A)(1) that confers this authority.
We reverse. The record does not contain sufficient evidence to support a conclusion that Althea Gray Green neglected her child Denise. Rather, it appears to us that Marjorie Gray attempted to obtain legal custody of her granddaughter via a juvenile court neglect charge against the child’s mother. We summarize the pleadings and testimony that led us to this result.
On July 27, 1976, a petition was filed in juvenile court alleging, inter alia, that Denise was a neglected child under R.S. 13:1570(A)(1) in that her mother, Althea Green, “manifested no interest in Denise’s welfare or made any provisions for her support.” Mrs. Marjorie Gray, her grandmother, requested custody.
On August 27, 1976, the hearing set in conjunction with the petition was continued and the judge placed the child Denise in the temporary custody of her grandmother.
On September 30, 1976, the district attorney amended the original petition alleging acts of neglect “on or before July 26, 1976” to change the date to “on or before September 30, 1976” and to allege Althea Gray Green also was guilty of neglecting her two other minor children, Corey and Chárlene Gray.
After a hearing, the juvenile court concluded the evidence established Denise had in fact been neglected by her mother but that there was no proof appellant neglected her other two children.
Mona LeBeaux, a welfare and social worker for the Division of Family Services, investigated the Althea Gray Green house *394 hold. She concluded that the physical surroundings in the home were adequate and that Mrs. Green provided adequate food, clothing, medical care and supervision for her children before and after school. In short it was her opinion from actual observation that Denise and the two other children were not neglected by appellant.
The incident the district attorney emphasized to prove neglect was the arrest of Althea Green on August 18, 1976 on charges of juvenile neglect. Earlier that evening — 11:30 p.m., August 17 — Denise reported to police she was home alone with two younger children. The police took the children to their grandmother’s home nearby upon finding their mother was not there. The record fails to disclose when Mrs. Green returned but she did explain she was showing out-of-town guests some places of interest and left the children with Denise when the child insisted she would be all right without a sitter. Charges filed against Mrs. Green growing out of this incident were dismissed.
That this incident upon which the State relied occurred three weeks after the first neglect charge was filed in juvenile court is significant. Marjorie Gray even admitted this is the only police incident of which she is aware insofar as Althea and the children were concerned.
The testimony of Marjorie Gray does not establish Althea’s neglect. It reflects her feeling that she has a greater claim to custody of Denise because she feels she loves her more, the child has lived in her home for many years, and Denise herself has expressed a preference to be with her.
Even were her evaluation of the situation accurate, this does not mean that Marjorie Gray has a legal basis for demanding custody. As sympathetic as we are to her wish to care for this grandchild, we will not deprive appellant of custody because the evidence fails to establish neglect as outlined in the following statute:
“Except as otherwise provided herein, the court shall have exclusive original jurisdiction in proceedings:
A. Concerning any child whose domicile is within the parish or who is found within the parish:
(1) Whose parent or other person legally responsible for the care and support of such child neglects or refuses, when able to do so, to provide proper or necessary support, education as required by law, or medical, surgical or other care necessary for his well-being; or who is abandoned by his parent or other custodian; or who is otherwise without proper care, custody, or support; or who is a live born human being, as defined in R.S. 13:1569(16)(e), who survives and is not killed in an abortion attempt.” R.S. 13:1570(A)(1).
The sanction against the parent found guilty of neglect or abuse of his or her child or children is severe. Under R.S. 13:1580 the juvenile court is empowered to deprive a parent of custody, thus any determination of neglect that may serve as a basis for this harsh[1] judgment should be supported by clear and convincing proof. The record before us does not support the finding of neglect by the juvenile court. Therefore it does not have jurisdiction to deprive the mother of custody and for this reason the custody of the child must be restored to the mother.
At the risk of pointing out the obvious to the litigants, we note Marjorie Gray and Althea Gray Green live within a block of each other and are in a position to combine efforts to rear Denise secure in the knowledge of their love and concern for her.
For the reasons assigned the judgment appealed from is annulled and the petition of neglect is dismissed.

JUDGMENT ANNULLED.

LEMMON, J., concurs with written reasons.

. State in Interest of King, 310 So.2d 614, 617 (La.1975):
“An action to declare a child neglected under R.S. 13:1570 is a drastic action, resulting in the children becoming wards of the state even though the court may grant custody of the children to an individual, including a parent, or may place the children in a foster home or an institution. La.R.S. 13:1580.”